## I. N. SMITH v. THE STATE.

### No. 3903. Decided January 12, 1916.

### Rehearing denied February 9, 1916.

**1.—Local Option—Continuance—Sickness of Defendant.**

Where, upon trial of violation of a local option law, the defendant filed an application for a continuance, alleging that he was sick and unable to go to trial, and the court thereupon sent a physician to defendant, who after making an examination reported that he could find nothing wrong with defendant, there was no error in overruling the motion.

**2.—Same—Representation by Counsel.**

Where the record showed that the defendant was ably defended by a member of the local bar, his contention that the attorneys of said bar would defend no one who was charged with bootlegging was not borne out, and there was no error.

Appeal from the District Court of Walker. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*A. T. McKinney, Sr.,* for appellant.—On question of overruling motion for continuance: Graham v. State, 72 Texas Crim. Rep., 9, 160 S. W. Rep., 714.

On question of attorney and client: Kuehn v. State, 85 S. W. Rep., 793.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the local option law and his punishment assessed at one year confinement in the State penitentiary.

The only ground presented, claiming error, is that the court erred in overruling his application for a continuance. An application was presented alleging that appellant was sick and unable to go to trial. The court sent a physician to the residence of appellant. The physician examined appellant and swears he could not find anything wrong with him; that while appellant complained of pains in his back, yet he had a normal pulse, no fever, and no visible or ascertainable signs of any disease; that he was able to go to trial. No other evidence was

offered. There was no error in overruling the application on this ground.

He also contends that the attorneys of the Walker County bar would defend no man charged with bootlegging, and he desired further time to secure an attorney. The record before us discloses that he was defended by a very able member of the Walker County bar, Hon. A. T. McKinney.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied February 9, 1916.—Reporter.]